From C. P. Addams, Harrisburg, Pa.

---

## Commonwealth v. Rinker.

*Constitutional law—Automobiles — Regulations — Parking — Highways—Ordinances—Automobiles for hire—Discrimination—Unreasonable regulation.*

1. That a borough has the right by ordinance to regulate reasonably the use of its streets cannot be questioned; likewise regulating the length of time and the place and manner in which vehicles may be left standing on the public highways, or entirely prohibiting the same, is undoubtedly within the rights of the borough, and frequently a necessity in congested districts. But such regulations must be reasonable and not discriminatory, for the use of a public highway is not a privilege, but a right.

2. An ordinance that undertakes to regulate the parking of automobiles within designated streets by prohibiting all parking therein by vehicles used for hire, while not restricting the privilege in any way to exactly similar vehicles not used for hire, is not a reasonable traffic regulation. Such an ordinance abridges the rights of citizens on the basis of whether they operate their automobiles for hire or on their ability to own and maintain automobiles; it is not only unreasonable and discriminatory, but is unconstitutional and void.

Appeal from summary conviction. Q. S. Monroe Co.

*F. B. Holmes*, for defendant, appellant.

*Ira A. Le Bar*, District Attorney, contra.

SHULL, P. J., July 2, 1923.—This case came on to be heard on an appeal from the summary conviction before a justice of the peace.

The complaint was made by M. J. Gilliland, constable, before Earnest Younkin, justice of the peace of the Borough of East Stroudsburg, charging that Layton G. Rinker, the defendant, did, on March 16, 1923, park, or cause to be parked, on the west side of Crystal Street, between Analomink and Washington Streets, in the Borough of East Stroudsburg, Monroe County,

Commonwealth *v.* Rinker.

Pennsylvania, a jitney or taxicab used in the business of common carrier; that such parking is contrary to section 10, article III, of Ordinance No. 169, as amended by Ordinance No. 179, of the said Borough of East Stroudsburg.

Section 10, article III, provides as follows: "No jitneys, taxicabs, autobusses, sight-seeing vehicles, vans or vehicles used in the business of common carrier shall be parked on the west side of Crystal Street, between Analomink and Washington Streets, nor on the east or west sides of North Crystal Street, nor on the north side of Analomink Street, between North Crystal Street and the Delaware, Lackawanna and Western Railroad, or in front of the hose-house on South Courtland Street, nor within 100 feet on either side of Washington Street, on South Courtland Street, nor on any street or portion of street in said Borough of East Stroudsburg other than those enumerated in section 9."

Section 9, referred to in section 10, provides as follows: "Jitneys, taxicabs, autobusses, sight-seeing vehicles, vans and vehicles used in the business of common carrier may be parked at the following places: On the east side of South Crystal Street, from Washington Street to Ridgeway Street; on South Courtland Street, except in front of the hose-house and within 100 feet on either side of Washington Street."

It was admitted at the time of argument in this case that the car in question was not operated as a jitney in the sense that it followed a designated route, but that it was an automobile of the type commonly known as a touring car, and was operated under a certificate of Public Convenience, granted by the Public Service Commission of Pennsylvania, as an autobus. It was further admitted that the cars operated by this defendant and John Bevil, another defendant in a similar action at this time before us, were of the types commonly known as touring car and sedan.

It was contended by the defendant that the ordinance in question is both unreasonable and discriminatory, and, therefore, void.

The question of regulating traffic on the public highways is one of growing importance and seriousness, confronting every community, large and small. That a borough has the right by ordinance to reasonably regulate the use of its streets cannot be questioned; that regulating the length of time and the place and the manner in which vehicles may be left standing on the public highways or entirely prohibiting the same is undoubtedly within the rights of the borough, and frequently a necessity in congested districts. But such regulations must be reasonable and not discriminatory, for the use of a public highway is not a privilege, but a right.

Since the advent of the automobile, the verb "park" has been adopted and is in common use, and its meaning, through common use and understanding, has been during that period considerably enlarged. The ordinance in this case defines the word "parked," as used in the ordinance; the definition appearing there is as follows: "The term 'parked' shall apply to a waiting vehicle or to waiting vehicles up alongside of one another not parallel to the curb."

Ordinance No. 160 provides for traffic regulations of all vehicles operated upon the streets of the Borough of East Stroudsburg, without distinguishing between those that may be operated for hire and those operated by private owners.

Ordinance No. 179 relates exclusively to automobiles operated for hire. The prohibition as to parking, under Ordinance No. 179, does not relate to privately-owned or operated automobiles, and, therefore, such automobiles may be parked within this district, which includes the centre of the business dis-

4 D. & C.

Commonwealth v. Rinker.

trict of East Stroudsburg and the station of the Delaware, Lackawanna and Western Railroad. The automobiles against which this ordinance is directed are not taxicabs of the character usually seen in populous centres, but are automobiles of the ordinary and commonly-used types, and are generally used by the public, not only within the limits of the Borough of East Stroudsburg, but for convenience of travel to any and every part of this county and vicinity.

This ordinance, i. e., No. 179, is not directed to the regulation of the operation of automobiles using the highways as common carriers, but to the keeping of certain streets free of obstruction. Nor can this class of automobiles be classified with those engaged in the carrying of passengers over designated routes or between given points, for their purpose and use is widely different.

This class of automobile has taken the place of the horse and buggy, which but a few years ago was kept at the livery stable and generally used by the public. An ordinance which undertook to designate where a horse might be tied and left, on a classification based on whether the horse was owned or hired, would have been promptly declared unreasonable and discriminatory, and, as we view it, that is just as true of an ordinance undertaking to classify automobiles on that basis.

Under this ordinance, as amended, one using a hired automobile or driving an automobile which is operated for hire, such as an autobus, may not park the same or have it parked anywhere within the limits of the Borough of East Stroudsburg, except for the limited area designated in section 9 of Ordinance No. 179; while one owning and operating for his own use and purpose, not for hire, a touring car or a sedan of the very same character may park the same in reasonable manner in practically every street in the Borough of East Stroudsburg, including the streets which are prohibited to automobiles operated for hire. Therefore, under this ordinance, this condition exists: That one owning an automobile may go to the stores and the railroad station, have his car parked to await his convenience, while one who may ride in a hired automobile may not have it parked before a store in which he or she may shop or at the railroad station. Further than this, except in the district designated by this ordinance, which is a small portion in the central part of East Stroudsburg, one using an automobile which is operated for hire may not during visits for business or socially in any other part of the town have his automobile parked to await his convenience or pleasure, while an owner of an automobile may park the same during such visits; and, again, the owner of one of these automobiles, if used as an autobus, may not, under this ordinance, park the same in front of his own home or place of business, while his neighbor, owning an automobile, might park it there at his pleasure, and we can see no logical reason why any one who may be using the same type of car for the same purpose should be prohibited from parking the same in like manner that an owner, not operating for hire, may park his automobile.

The ordinance which denies the right to the citizen who rides in an automobile hired for the occasion, which is enjoyed by another citizen, who may own his automobile, is both unreasonable and discriminatory, and, therefore, void. The rights of a citizen cannot be abridged on the basis of his ability to buy and own an automobile, and while it is within the rights of a borough to regulate traffic on its streets, such regulation must be within the bounds of the Constitution and laws of the Commonwealth, and within reason, as applied to the existing conditions.

As we view it, Ordinance No. 179 was aimed at a particular business and is not, as it stands, a reasonable traffic regulation. While the business of common carriers is subject to regulation, when such regulation abridges the

rights of citizens on the basis of whether they operate their automobiles for hire or on their ability to own and maintain automobiles, it is not only unreasonable and discriminatory, but in violation of the constitutional rights of the citizens of the community.

And now, July 2, 1923, Ordinance No. 179 is held to be unreasonable, discriminatory and void, the judgment of the justice of the peace is reversed, and the Borough of East Stroudsburg is directed to pay the costs of this proceeding.

From C. C. Shull, Stroudsburg, Pa.